CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 0 2010

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICARDO ROA, | ) |
|     Petitioner, | ) Civil Action No. 7:10cv00394 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| BUREAU OF PRISONS, et al., | ) By: Samuel G. Wilson |
|     Respondents. | ) United States District Judge |

This is a petition for writ of habeas corpus by Ricardo Roa, a federal inmate at USP Lee, challenging his conviction in United States District Court for the Western District of Texas for illegal entry. Nothing in Roa's petition even remotely suggests that this court has jurisdiction, and the court accordingly dismisses his petition without prejudice.

### I.

Roa alleges that he pled guilty in the United States District Court for the Western District of Texas to illegal entry and was sentenced to prison on April 8, 2009. He alleges that he is a "third generation" United States citizen, and seeks release from detention, presumably on the ground that he is actually innocent of the offense to which he pled.

### II.

Roa apparently believes that § 2241 is the appropriate vehicle for habeas relief because he claims is "actually innocent" of the illegal entry offense. The court concludes that he is failed to show that § 2255 is inadequate or ineffective to test the legality of his detention and dismisses his petition without prejudice.

Defendants convicted in federal court are "obliged to seek habeas relief from their convictions and sentences through § 2255," and it is only when "'§ 2255 proves inadequate or ineffective to test the legality of detention that they may pursue habeas relief under §2241.'" Rice v. Rivera, No. 08-8191, 2010 WL 3474802, at *3 (4th Cir. Sept. 7, 2010) (quoting In re Vial, 115

F.3d 1192, 1194 (4th Cir. 1997) (en banc)). The Fourth Circuit's decision in In re Jones, 226 F.3d 328 (4th Cir. 2000), which also concerned an innocence claim, "delineates the circumstances in which § 2241 may be used to pursue such a habeas claim." Rice, 2010 WL 3474802, at *3. Section 2255 is inadequate and ineffective and § 2241 may be utilized when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, at 333-34. "In short, under the In re Jones rule, a federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law. If, conversely, the prisoner had an unobstructed procedural shot in filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction." Rice, 2010 WL 3474802, at *4.

With these precepts in mind, it is clear that Roa has pointed to nothing that would indicate that § 2255 is inadequate or ineffective to test the legality of his detention. Accordingly, the court will dismiss his § 2241 petition because he has failed to demonstrate that this court has jurisdiction to consider it.

### III.

For the reasons stated, the court will dismiss Roa's § 2241 petition without prejudice.

**ENTER:** This 10th day of September, 2010.

United States District Judge